461 A.2d 859

**Irving S. KARPE, Appellant,**

**v.**

**BOROUGH OF STROUDSBURG.**

Superior Court of Pennsylvania.

Submitted April 6, 1983.

Filed June 17, 1983.

Edwin Krawitz, East Stroudsburg, for appellant.

Phillip H. Williams, Stroudsburg, for appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his claim for damages. Because this case involves the application, interpretation, and enforcement of a statute regulating the affairs of local authorities and the officers, employees and agents thereof, 42 Pa.C.S.A. § 762(a)(4)(i)(A), we transfer jurisdiction over the appeal to the Commonwealth Court.

On March 9, 1977, appellant applied for and later received a permit from the Zoning Officer of the Borough of Stroudsburg, appellee, to establish an off-street parking facility. Appellee's request that the Zoning Hearing Board revoke the permit was granted on March 27, 1978. Appellant sued for damages resulting from the start of construction. The lower court, sitting without a jury, found in favor of appellee. An appeal from the denial of post-trial motions was quashed by our Court in *Karpe v. Borough of Stroudsburg*, 290 Pa.Superior Ct. 559, 434 A.2d 1292 (1981), because no final judgment had been entered. On November 19, 1981 that defect was corrected, prompting this appeal.

■ The Superior Court's appellate jurisdiction is as follows:

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

42 Pa.C.S.A. § 742. The Commonwealth Court has exclusive jurisdiction of appeals from the courts of common pleas in cases involving

.    .    .    .    .

(4) Local government civil and criminal matters.—

(i) All actions or proceedings arising under any municipality, institution, district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any: (A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity; ...

42 Pa.C.S.A. § 762(a)(4)(i)(A). The instant appeal, though on its face an action for damages, involves consideration and interpretation of 53 P.S. § 10101 *et seq.*, the Pennsylvania Municipalities Planning Code, (Planning Code) which enables appellee to plan its development through, *inter alia*, zoning and development ordinances. Act of July 31, 1968, P.L. 805, as amended June 1, 1972, P.L. 333, No. 93. Therefore, the subject matter jurisdiction of this appeal lies with the Commonwealth Court.

We must decide, however, whether to exercise our discretion and hear this appeal, or transfer it to the Commonwealth Court, as neither party has objected to our jurisdiction. Transfers between the intermediate appellate courts may be effected by "[T]he Superior Court and the Commonwealth Court ... on their own motion or upon petition of any party, to transfer any appeal to the other court for consideration and decision with any matter pending in such other court involving the same or related questions of fact, law or discretion." 42 Pa.C.S.A. § 705. Each potential transfer must be examined on a case-by-case basis. *Valley Forge Industries, Inc. v. Armand Construction, Inc.*, 248 Pa.Superior Ct. 53, 61, 374 A.2d 1312, 1316 (1977). The factors to be weighed include: (1) whether the case has already been transferred; (2) the possibility of establishing two conflicting lines of authority on one subject; (3) whether the "legislatively ordained division of labor" would be disrupted. *Commonwealth v. 84-Qt. Btls.*

*Bianco DiVerona Wine,* 250 Pa.Superior Ct. 544, 550, 378 A.2d 1282, 1285 (1977). *See Valley Forge Industries, Inc. v. Armand Construction, Inc., supra,* 248 Pa.Superior at 60–61, 374 A.2d at 1316.

■ This case has not been previously transferred from our coordinate court, so the expense and delay to the parties will be minimal. We find that it would benefit both the public and the municipalities and boroughs operating under the Planning Code if substantive decisions on the statute and its application to damages actions resulting from its enforcement, were made by one court. Further, the division of labor envisioned by the legislature would be served rather than disrupted if the Commonwealth Court heard all appeals involving the application, interpretation and enforcement of the Planning Code.

Accordingly, we transfer this appeal and the accompanying record to the Commonwealth Court.

Appeal transferred.