J-S26018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SCOTT R. MONGER AND HOWARD S. MORRIS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| UPPER LEACOCK TOWNSHIP | |
| Appellee | No. 1623 MDA 2014 |

Appeal from the Judgment Entered on August 28, 2014
In the Court of Common Pleas of Lancaster County
Civil Division at No.: 2012-01094

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 28, 2015**

In this action, Appellants have raised several contract claims against Appellee, Upper Leacock Township ("the Township"[1]), that arise out of the Township's review of a land use application for a proposed seventy-one-acre real estate development that was submitted by Appellants through their business entity.  Because we find that Appellants' claims are inextricably intertwined with the land use application process, which is governed by Pennsylvania statute and local ordinance, we find that Appellants' claims lie

---

[1]  For simplicity's sake, we use the Township to refer interchangeably to Upper Leacock, as a municipal entity, the Upper Leacock Planning Commission, and the Upper Leacock Board of Supervisors, the latter two of whom reviewed and acted upon Appellants' land use application.

in the exclusive jurisdiction of the Commonwealth Court. Accordingly, we transfer this case to that court.

The land use application process undisputedly was governed by the Township's Subdivision and Land Development Ordinance ("SALDO"). In connection with their November 5, 2007 application, Appellants sought waivers of certain SALDO requirements. The Township issued a conditional approval of the plan granting one waiver but denying another, which had the effect of requiring Appellants to revise their plan to satisfy the relevant ordinance. Thereafter, Appellants submitted a revised plan and requested an extension from the SALDO-prescribed time period for complying with the Township's conditions. The extension was granted, but Appellants failed to satisfy the conditions before the expiration of the extended deadline and did not request a second extension. Thus, on May 1, 2008, after the expiration of the time limit for establishing compliance, the Township voted to disapprove the plan. A written decision documenting the Township's decision was mailed to Appellants the next day. *See* Trial Court Opinion ("T.C.O."), 8/28/2014, at 3-5.

Pursuant to 53 P.S. § 11002-A(a), Appellants had thirty days from the date of the Township's decision to appeal that decision "to the court of common pleas of the judicial district wherein the land is located." Section 11002-A(a) specifies that "[i]t is the express intent of the General Assembly that, except in cases in which an unconstitutional deprivation of due process would result from its application, the 30-day limitation in this section should

- 2 -

be applied in all appeals from decisions." The decisions to which it refers are "land use decisions rendered pursuant to Article IX," 53 P.S. §§ 10901, *et seq.*, which governs zoning hearing board and other administrative proceedings. **See** 53 P.S. §§ 10909.1(a)(5)-(6) (conferring the zoning hearing board with exclusive jurisdiction over applications for variances or special exceptions under the governing zoning ordinance). Appellants took no other action in furtherance of seeking review of the Township's decision.

On June 27, 2012, Appellants in their individual capacities filed a complaint against the Township asserting breach of express contract, breach of implied contract, and promissory estoppel. The Township filed preliminary objections, which the trial court denied without prejudice. Following discovery, on March 27, 2014, the Township filed a motion for summary judgment alleging (1) that Appellants' claims were time barred under the Municipalities Planning Code ("MPC"), 53 P.S. §§ 10101, *et seq.*; (2) that the claims were time barred under the governing statute of limitations; and (3) that the complaint failed to state a cause of action upon which relief could be granted. **See** T.C.O. at 5.

On May 19, 2014, the trial court held a hearing on the Township's motion. At that hearing, Appellants asserted that their claims were based upon the proposition that the parties entered into a contract when Appellants submitted their land use application, obligating the Township to act in good faith in reviewing that application. Thereafter, the Township requested leave to amend its motion for summary judgment to assert that

- 3 -

Appellants lacked standing to bring the instant law suit. The parties filed supplemental briefs on that issue. *See id.* at 5-6.

Thereafter, on August 28, 2014, the trial court entered summary judgment in favor of the Township. It so ruled on the basis that Appellants, in violation of 53 P.S. § 11002-A(a), had failed to appeal the Township's land use decision to the court of common pleas within thirty days of the Township's adverse decision. It further noted that "The procedures for a land use appeal in the MPC are 'the *exclusive* mode for securing review of *any* decision rendered pursuant to Article IX of the MPC.'" T.C.O. at 7 (quoting 53 P.S. 11001-A; emphasis added by the trial court). Appellants filed a timely notice of appeal to this Court on September 25, 2014. On September 29, 2014, the trial court entered an order directing Appellants to prepare and file a concise statement of the errors complained of on appeal. Appellants timely complied on October 20, 2014. In lieu of a full Rule 1925(a) opinion, on October 27, 2014, the trial court issued a brief statement indicating that its August 28, 2014 opinion was sufficient to explain its reasoning. Accordingly, this case is ripe for our review.

Appellants raise the following issue:

Did the lower court commit legal error and/or abuse its discretion in dismissing the entire Complaint and the common law claims pleaded therein, by treating those claims as being in the nature of an appeal of an "adverse land use decision" which involved a prerequisite appellate process pursuant to the [MPC], when Appellants' common law contract-based claims were propounded to redress [the Township's] improper conduct— irrespective of any land-use decisions or purportedly required statutory appellate process?

- 4 -

Brief for Appellants at 2.

Before reaching the merits, we must address the Township's contention that this case should be transferred to the Commonwealth Court, because its subject matter falls within that court's exclusive jurisdiction. The governing statute provides, in relevant part, as follows:

**(a)  General rule.**—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases

* * * *

(4)    Local government civil and criminal matters.—

(i)    All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A)    statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity;

(B)    home rule charter or local ordinance or resolution . . . .

42 Pa.C.S. § 762.

Despite the fact that the Township specifically contends that this case should be heard by the Commonwealth Court rather than this Court, **see** Brief for Township at 12-14, Appellants do not address the issue in their primary brief, and have not filed a reply brief. Nonetheless, insofar as the

trial court entered summary judgment on the basis that Appellants' claims were rooted in the Township's land use decision, and consequently were waived because Appellants failed to follow the prescribed procedure for appealing that decision, an argument that subsection 762(a)(4)(i) does not apply in this matter may be teased out from Appellants' brief, which naturally takes up that issue as presented. That is to say, if Appellants are correct that the land use decision, as such, is not implicated in this case, and that their claims sound solely in contract and/or estoppel, then section 762 might not govern the appellate jurisdictional question. However, for the reasons that follow, we do not believe that we are the proper venue to test this argument, not least because we find it facially unpersuasive, although we do not intend to answer the question definitively.

A brief review of Appellants' complaint supports our determination. After a lengthy recitation of factual allegations aimed at establishing the Township's bad faith, Appellants set forth, in relevant part, the following allegations in support of their claim for breach of express contract:

> 40. .... [Appellants] and [the Township] entered into an express contract whereby [Appellants] submitted written applications for land use approval, [Appellants] paid to [the Township] the consideration of the required application and review fees and [Appellant] delivered to [the Township] the required land use plans and specifications, plus revisions thereto, and [the Township] agreed to a review of the application and supporting materials in accordance with **all relevant legal requirements**.
>
> 41. In Pennsylvania, every party to a contract has an implied duty of good faith and fair dealing in performance of contract obligations.

42. In Pennsylvania, a municipality also has a duty of good faith **in the review and processing of a land use application**.

Complaint at 7-8 (emphasis added). In support of its claim for breach of implied contract, in addition to the above allegations, Appellants asserted that they and the Township "entered into an implied contract **regarding [the Township's] review and processing of [Appellants'] land use applications**." *Id.* at 8 ¶ 46 (emphasis added); *see id.* at 8 ¶ 47 ("[Appellants] undertook a series of actions . . . **regarding [the Township's review and processing of [Appellants'] land use applications**." (emphasis added)). Finally, in support of their claim for promissory estoppel, Appellants alleged, *inter alia*, that it was foreseeable that the Appellants "would have relied on the various promises by [the Township] in order to induce [Appellants] to make their decisions and expenditures **regarding [Appellants'] land use applications, plans and revisions, in light of the specific issues and concerns [that the Township] had communicated to [Appellants]**." *Id.* at 10 ¶ 57 (emphasis added).

It is true, as the trial court noted, that municipal bodies owe a duty of good faith in reviewing a party's land use application. *See* T.C.O. at 8 n.1 (citing *Highway Materials v. Bd. of Supervisors*, 974 A.2d 539 (Pa. Cmwlth. 2009); *Raum v. Bd. of Supervisors of Tredyffrin Twp.*, 370 A.2d 777 (Pa. Cmwlth. 1977). However, we fail to see how resolving allegations of bad faith in this context would not require a fact-finder to

- 7 -

measure the Township's conduct relative to its legal obligations as set forth in the MPC and other authorities. This, in turn, implicates the very concerns that limn the boundary between our jurisdiction and that of our Commonwealth Court.

Appellants' argument on appeal only reinforces that this case belongs before the Commonwealth Court. Regardless of the legal principle that Appellants asserted as a basis for relief, their argument, perhaps necessarily, is replete with technical arguments regarding, *e.g.*, the availability of an estoppel remedy in cases implicating the MPC. Appellants assert the lack of on-point precedent on that question, but suggest that this Court may find guidance in decisions on related topics such as ***Perrige v. Horning***, 654 A.2d 1183 (Pa. Super. 1995), ***J.B. Stevens v. Rullo***, 658 A.2d 460, 462 (Pa. Cmwlth. 1995), and ***Day v. Civil Service Commission of Borough of Carlisle***, 931 A.2d 646 (Pa. 2007). Not surprisingly, the second of these cases was decided by the Commonwealth Court and the third contained our Supreme Court's review of a Commonwealth Court decision. In the one of these cases that was decided by this Court, we expressly held that the restrictive covenant dispute at issue in that case did **not**, under the MPC, fall within the exclusive jurisdiction of the township board of supervisors. ***See Perrige***, 654 A.2d at 1186-87. Conversely, the land use review that Appellants allege was conducted in bad faith in this matter undisputedly was undertaken by the Township pursuant to its jurisdiction and authority under the MPC.

Notwithstanding the clear mandate of 42 Pa.C.S. § 762, it is well-established that this Court has discretion to retain jurisdiction over an appeal that more properly would have been filed in the Commonwealth Court under section 762. *See Wilson v. Sch. Dist. of Phila.*, 600 A.2d 210, 211 (Pa. Super. 1991). In determining whether to retain a case encompassed by section 762, "we must balance the interests of the parties and matters of judicial economy" against the following non-exhaustive list of factors:

> (1) whether the case has already been transferred; (2) whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject.

*Trumbull Corp. v. Boss Constr., Inc.*, 747 A.2d 395, 399 (Pa. Super. 2000) (citations omitted). Furthermore, we frequently have transferred cases when we perceived that the Commonwealth Court had greater expertise in the issues at bar. *See, e.g., Osser v. City of Phila.*, 441 A.2d 1317, 1318 (Pa. Super. 1982).

It clearly is the case that MPC cases are encompassed by section 762 and consequently are decided far more frequently by the Commonwealth Court, which reviews such cases according to its own extensive body of precedent concerning such matters. Thus, the Commonwealth Court's greater expertise in such matters cannot be denied. Furthermore, although we might issue a non-binding memorandum decision on the merits that would avoid the prospect of conflicting **binding** lines of authority, there

remains a risk that such a memorandum would be at odds with related precedent issued by the Commonwealth Court, which in turn could mislead members of the bench and bar in future cases.

To be clear, our review of precedent and the parties' arguments suggests that the availability of contract or quasi-contract remedies under these circumstances and whether they are materially separable from the land use decision underlying the allegations remain open questions. Those questions' resolutions ultimately may have appellate jurisdictional implications for future cases. However, those questions inherently implicate the scope and effect of the MPC and, as such, fall within the Commonwealth Court's greater expertise in that subject matter. Indeed, that the court deciding this matter may issue new precedential authority under the MPC militates strongly in favor of, rather than against, transferring this case to the Commonwealth Court, which is more fit to decide in the first instance the relationship of these claims to the MPC. ***See Eldred Township v. Monroe County***, 478 A.2d 1357, 1358 (Pa. Super. 1984) (noting the Commonwealth Court's greater expertise in the subject matter and emphasizing that transfer was preferable to "prevent unnecessary confusion and lack of coordination" because the Commonwealth Court would "be the forum for similar cases in this area of the law"). Accordingly, we transfer this case to the Commonwealth Court.

Case transferred.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015