J-S73042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RONALD D. WEAVER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SUSAN SHOFF, OFFICER EVANISKO, EUGENE SANTORELLA, TREVOR WINGARD, AND DORINA VARNER | |
| Appellee | No. 608 WDA 2016 |

Appeal from the Order March 31, 2016
In the Court of Common Pleas of Somerset County
Civil Division at No(s): 610 Civil 2013

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:         **FILED SEPTEMBER 29, 2016**

Appellant Ronald D. Weaver appeals from the order entered in the Somerset County Court of Common Pleas, which revoked his In Forma Pauperis ("IFP") status upon motion of Commonwealth of Pennsylvania Department of Corrections ("DOC") employees Susan Shoff, Officer Evanisko, Eugene Santorella, Trevor Wingard, and Dorina Varner (collectively "DOC Appellees").  We transfer this appeal to Commonwealth Court.

The relevant facts and procedural history of this appeal are as follows. On September 27, 2013, Appellant filed a civil complaint against Appellees along with an application to proceed IFP.  On December 30, 2015, the trial court granted Appellant's application.  On February 18, 2016, DOC Appellees

filed a motion to revoke Appellant's IFP status. On March 10, 2016, Appellant filed a response to this motion. On March 29, 2016, the trial court conducted a hearing to address this motion along with Appellant's motion for medical treatment. After the hearing, the trial court issued an order denying Appellant's application for medical treatment and an order granting DOC Appellees' motion to revoke Appellant's IFP status. On April 27, 2016, Appellant filed a notice of appeal to the court's order revoking his IFP status.[1,2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED IN REVOKING APPELLANT'S [IFP] STATUS AND BY MISSTATING THE INTENT OF THE CONFLICTING LAWS THAT GRANTS THE ABSOLUTE RIGHT TO ACCESS TO THE COURTS FOR ALL CITIZENS WHILE DENYING ACCESS TO THE COURTS UNOBSTRUCTED TO INDIGENT PRISONERS WHO ARE SUBJECT TO THE ABUSE OF CORRECTIONAL EMPLOYEES; AND, DOES THE CRIME OF BARRATRY PROVIDE THE PUBLIC WITH A MEANS FOR PROTECTION FROM UNJUST, INTENTIONAL FRIVOLOUS OR HARASSING LAWSUITS?

Appellant's Brief at 4.

_____

[1] On May 2, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the court granted Appellant's motion for an extension of time to file his statement, Appellant complied, and the trial court issued a Pa.R.A.P. 1925(a) opinion on June 22, 2016.

[2] *See Grant v. Blaine*, 868 A.2d 400, 403 (Pa.2005) (holding "an order denying *in forma pauperis* status is a final, appealable order.").

Before we address Appellant's claim, we must decide whether to transfer this appeal to the Commonwealth Court. Although the parties do not contest this Court's jurisdiction, we may *sua sponte* address whether to transfer a case to the Commonwealth Court. ***See Trumbull Corp. v. Boss Const., Inc.***, 747 A.2d 395, 399 (Pa.Super.2000). "Transfers between the intermediate appellate courts may be effected by the Superior Court and the Commonwealth Court on their own motion or upon petition of any party, to transfer any appeal to the other court for consideration and decision with a matter pending in such other court involving the same or related questions of fact, law or discretion." ***Karpe v. Borough of Stroudsburg***, 461 A.2d 859, 860–61 (Pa.Super.1983) (citing 42 Pa.C.S. § 705) (internal quotations omitted).

When deciding whether to transfer an appeal to Commonwealth Court, this Court must weigh the following factors: "(1) whether the case has already been transferred; (2) whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject." ***Trumbull Corp.***, 747 A.2d at 399 (internal citations omitted).

Here, the case has not yet been transferred between the courts. The Commonwealth Court has an established line of authority on interpreting the

Prison Litigation Reform Act ("PLRA"),[3] which governs a prisoner's opportunity to proceed IFP. Appellant and Appellees cite to the Commonwealth Court to support their legal propositions. Further, Commonwealth government DOC employees filed the motion to revoke Appellant's IFP status, which is the subject of this appeal. *See* 42 Pa.C.S. § 762(a)(1)(ii) (giving Commonwealth Court exclusive jurisdiction over appeals from final orders of courts of common pleas in civil actions or proceedings by the Commonwealth government); *See also Commonwealth v. Jackson*, 858 A.2d 627, 629 (Pa.Super.2004) (the DOC is the Commonwealth government).

Accordingly, we transfer this appeal and the accompanying record to Commonwealth Court.

Appeal **TRANSFERRED** to Commonwealth Court. Jurisdiction **RELINQUISHED.**

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016

---

[3] 42 Pa.C.S. §§ 6601-08.

- 4 -