J-S53003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DONTIE L. BROOKS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS GOUKER, ANNE KLITSCH, BRIAN HUDSON & PENNSYLVANIA HOUSING FINANCE AGENCY | |
| Appellee | No. 35 MDA 2016 |

Appeal from the Order Entered December 10, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2015 CV 05365 DJ

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 28, 2016**

Dontie L. Brooks appeals from the December 10, 2015 order sustaining preliminary objections based upon sovereign immunity and dismissing Appellant's negligence action against the Pennsylvania Housing Finance Agency ("PHFA"), its executive director, and employees.  For the reasons that follow, we conclude that appellate jurisdiction properly lies in Commonwealth Court, and thus, we transfer the within appeal to our sister court for disposition.[1]

_____

[1] We raised the issue of jurisdiction *sua sponte* in our March 1, 2016 order ruling Appellant to show cause as to why this appeal should not be transferred to the Commonwealth Court.  Appellant filed a timely response,
*(Footnote Continued Next Page)*

* Former Justice specially assigned to the Superior Court.

Appellant commenced this action alleging that PHFA and its employees were negligent in the servicing of his mortgage loan. The trial court dismissed the complaint based on sovereign immunity, and Appellant challenges that ruling herein.[2]

Generally, the Commonwealth and its agencies, officials and employees acting within the scope of their duties are immune from suits for damages. *See* 1 Pa.C.S. § 2310 (establishing immunity for officials and employees of the Commonwealth under Article I, Section 11 of the Pennsylvania Constitution).[3] Statutory exceptions to sovereign immunity are delineated in 42 Pa.C.S. § 8522. Tort actions against Commonwealth

*(Footnote Continued)* ─────────────

the rule was discharged, and the matter was referred to the merits panel for disposition. The PHFA submits that its objection to jurisdiction is not waived pursuant to Pa.R.A.P. 741 as this Court raised the issue before the PHFA was required to object and the rule to show cause did not permit a response. On these facts, we find no waiver.

[2] Pennsylvania's Sovereign Immunity Act is codified at 42 Pa.C.S. § 8501-8528. Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8501, 8541-8546.

[3] 1 Pa. C.S. § 2310 provides, in pertinent part:

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

- 2 -

agencies based on those exceptions are properly commenced in the courts of common pleas but appellate jurisdiction lies in the Commonwealth Court.

Preliminarily, we must determine whether we should exercise jurisdiction over the instant appeal. Although appellate jurisdiction over tort actions involving a Commonwealth defendant resides in the Commonwealth Court, Appellant relies upon *Braderman v. Pennsylvania Housing Finance Agency*, 598 F.Supp. 834 (M.D. Pa. 1984), in support of his contention that the PHFA is not a Commonwealth agency, and thus, this appeal should not be transferred. Therein, the plaintiff filed a complaint against the PHFA in the Federal District Court for the Middle District of Pennsylvania, claiming *inter alia* that the Agency wrongfully discharged her in violation of her First Amendment right of freedom of association. The Agency moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6), claiming that it was part of the Commonwealth and that the Eleventh Amendment divested the district court of its jurisdiction to adjudicate plaintiff's claim. [4] The district court concluded that the PHFA was not part of

_____

[4] The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*(Footnote Continued Next Page)*

the Commonwealth and not entitled to Eleventh Amendment immunity. Appellant suggests that since the PHFA is not a part of the Commonwealth, appellate jurisdiction in this Court is proper.

The PHFA maintains that Appellant fails to understand that Eleventh Amendment immunity under federal law is not the same as sovereign immunity under state law. Furthermore, **Braderman** was decided prior to the enactment of 35 P.S. § 7504(b), Act of May 16, 1986, P.L. 203, No. 62, in which the General Assembly of this Commonwealth stated that the Pennsylvania Housing Finance Agency is a Commonwealth agency "for all purposes, including, but not limited to, the assertion of sovereign immunity as provided by 1 Pa.C.S. § 2310 and, except as provided by subsection (a), the limited waiver of sovereign immunity as provided by 42 Pa.C.S. Ch. 85." Finally, the PHFA maintains that **Braderman** is not applicable because it held only that the PHFA was not entitled to immunity from suit in federal court under the Eleventh Amendment, not state court under state law. Appellant counters that 35 P.S. § 7504 is a health and safety law that authorizes the PHFA to establish a low-interest loan program to assist persons whose residences have been impacted by dangerous radon levels to finance home improvements, and thus, it is inapplicable herein.

*(Footnote Continued)* ―――――――

USCS Const. Amend. 11.

The PHFA urges us to read 35 P.S. § 7504 in conjunction with 42 Pa.C.S. § 762(a)(1)(i) and (7), which provide:

(a)  General rule. — Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(1)  Commonwealth civil cases. — All civil actions or proceedings:

(i)  Original jurisdiction of which is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction), except actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court.

. . . .

(7) Immunity waiver matters. — Matters conducted pursuant to Subchapter C of Chapter 85 (relating to actions against local parties).

42 Pa.C.S. §762(a)(1)(i).  In *Flaxman v. Burnett*, 574 A.2d 1061, 1064 n.4 (Pa.Super. 1990), this Court relied upon these statutes as the basis for vesting exclusive appellate jurisdiction of tort claims against Commonwealth or local agencies in the Commonwealth Court.  Herein, although we *sua sponte* raised the jurisdictional issue, the PHFA advocates in favor of transfer based on the PHFA's status as a Commonwealth agency.

In *Trumbull Corp. v. Boss Construction Inc.*, 747 A.2d 395, 399 (Pa.Super. 2000) (internal citations omitted), we held that when deciding

whether to retain an appeal or transfer it to Commonwealth Court, we must weigh judicial economy against the following factors: "(1) whether the case has already been transferred; (2) whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject."

After consideration of these as well as other factors, we conclude that it is appropriate to transfer this matter to the Commonwealth Court. Our retention of this appeal would upset the legislature's decision to vest exclusive appellate jurisdiction in the Commonwealth Court over matters involving agencies and sovereign immunity, areas in which our sister Court has particular expertise. *See* 42 Pa.C.S. § 762(a)(1); *see also Knox v. SEPTA*, 81 A.3d 1016 (Pa.Cmwlth. 2013) (holding SEPTA, a Commonwealth agency, was entitled to sovereign immunity under Pennsylvania law although it was not immune under the Eleventh Amendment). Therefore, we transfer the instant appeal to the Commonwealth Court for disposition pursuant to Pa.R.A.P. 752.[5]

---

[5] Pa.R.A.P. 752. "Transfers Between Superior and Commonwealth Courts," provides in pertinent part:

> (a) General rule. The Superior Court and the Commonwealth Court, on their own motion or on application of any party, may transfer any appeal to the other court for consideration and

*(Footnote Continued Next Page)*

Appeal transferred to Commonwealth Court.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2016

---

*(Footnote Continued)*

decision with any matter pending in such other court involving the same or related questions of fact, law or discretion.