J-S22037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZUFRIEDEN ACRES FAMILY, | |
| Appellant | No. 1382 MDA 2016 |

Appeal from the Judgment of Sentence July 20, 2016
in the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-SA-0000041-2016

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                **FILED MAY 16, 2017**

Appellant, Zufrieden Acres Family [LP], appeals from the judgment of sentence for violation of the Hamilton Township Stormwater Management Ordinance.  Specifically, he challenges the order awarding attorney's fees to the Township solicitor.[1]  We transfer this case to the Commonwealth Court.

On July 27, 2015, the Hamilton Township Zoning Officer gave Appellant an enforcement notice for violation of the ordinance.  Appellant did not file an administrative appeal.  (**See** Trial Court Opinion, 12/01/16, at 1).

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant no longer contests the violation of the ordinance.  (**See** Appellant's Brief, at 4 n.1).  Accordingly, we deem that issue abandoned.

After a summary trial, the magisterial district judge found Appellant in violation of the ordinance.

On appeal, the trial court granted the motion *in limine* of the special prosecutor (township solicitor) precluding any evidence to challenge the validity of the ordinance, on the ground that Appellant had failed to exhaust administrative remedies. (**See id.** at 2). The court also found Appellant in violation, and awarded the township solicitor $4,000.00 in attorney fees.

Appellant timely appealed. It raises one question for our review:

> Whether the [t]rial [c]ourt erred in awarding attorney fees in the absence of any evidence on the party [sic] of Appellees as to the actual amount of attorney fees incurred or the reasonableness thereof[?]

(Appellant's Brief, at 4).[2]

Because we conclude that the Commonwealth Court is better equipped to consider this issue, we transfer the appeal. We "examine each potential transfer on a case-by-case basis." **Smith v. Ivy Lee Real Estate, LLC**, 152 A.3d 1062, 1065 (Pa. Super. 2016) (citation omitted). Section 762(a)(4)(i)(A) of the Judicial Code provides in pertinent part that the Commonwealth Court has exclusive jurisdiction in "[a]ll actions or proceedings . . . where is drawn in question the application, interpretation or

---

[2] The scope of review of a trial court's determination on appeal from a summary conviction is limited to determining whether there has been an error of law or whether the findings of the trial court are not supported by competent evidence. **Commonwealth v. Daugherty**, 829 A.2d 1273, 1275 n.6 (Pa. Commw. Ct. 2003).

enforcement of any . . . statute regulating the affairs of political subdivisions, municipalit[ies] and other local authorities[.]" 42 Pa.C.S.A. § 762(a)(4)(i)(A). The Pennsylvania Municipalities Planning Code (MPC) is a statute "regulating the affairs of political subdivisions, municipalit[ies] and other local authorities[.]" *Id.*; *see also* 53 P.S. § 10101-§ 11202 (Pennsylvania Municipalities Planning Code); *Karpe v. Borough of Stroudsburg*, 461 A.2d 859, 860 (Pa. Super. 1983) (subject matter jurisdiction of appeal involving consideration and interpretation of MPC "lies with the Commonwealth Court").[3] *See also Smith*, *supra* at 1064-65.

Accordingly, we defer to the Commonwealth Court in recognition of the Legislature's designation of that Court as the appropriate forum for such disputes and its expertise in interpreting the MPC. *See* 42 Pa.C.S.A. § 762(a)(4)(i)(A); *see also Lara, Inc. v. Dorney Park Coaster Co.*, 534 A.2d 1062, 1066 (Pa. Super. 1987) (transferring case to Commonwealth Court in interest of avoiding conflicting lines of authority).

---

[3] We recognize that because the parties have not contested this Court's jurisdiction, "the appeal is perfected and we have discretion to retain jurisdiction." *Trumbull Corp. v. Boss Constr., Inc.*, 747 A.2d 395, 398–99 (Pa. Super. 2000) (citation omitted); *see* 42 Pa.C.S.A. § 704(a). Nevertheless, this Court may, *sua sponte*, raise the issue of whether an appeal should be transferred to the Commonwealth Court. *See Karpe*, *supra* at 860.

Case transferred to Commonwealth Court.  Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/2017