J-A09020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THERMUTHIS LEE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD PETIOLICHIO, KELVIN | : | No. 2120 EDA 2018 |
| JEREMIAH, JANAE JORDAN, | : | |
| BARBARA ADAMS, ANDREW KENIS | : | |
| AND PHILADELPHIA HOUSING | : | |
| AUTHORITY | : | |

Appeal from the Order Entered July 3, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180202712

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 30, 2019**

Thermuthis Lee (Appellant) appeals *pro se* from the trial court's order sustaining the preliminary objections of the Philadelphia Housing Authority (PHA), and its employees Leonard Petrolichio, Kelvin Jeremiah, Janae Jordan, Barbara Adams, and Andrew Kenis (collectively Appellees), and dismissing Appellant's lawsuit.  Upon review, we have determined that we lack appellate jurisdiction, and therefore transfer this matter to the Commonwealth Court of Pennsylvania.

The trial court summarized the background of this case as follows:

> *Pro se* [Appellant] initiated the instant lawsuit by filing a Complaint on February 27, 2018 against [Appellees].
>
> [Appellant] averred PHA and its staff failed to properly address her various complaints.  For instance, [Appellant] claims

_____
* Retired Senior Judge assigned to the Superior Court.

PHA negligently failed to investigate and evict a tenant who allegedly assaulted [Appellant], despite numerous administrative requests. [Appellant] also claimed PHA failed to properly maintain its property. Notably, the Complaint does not aver [Appellant] is a tenant of PHA or that they have a contractual relationship.

[Appellees] filed Preliminary Objections in the nature of a motion to dismiss pursuant to Pa.R.C.P. 233.1, demurrer, lack of standing, and sovereign immunity. This Court issued an order on July 3, 2018 sustaining the Preliminary Objections, dismissing the case and barring [Appellant] from filing any further *pro se* cases against PHA or its employees raising the same or related claims without leave of court. That order is the subject of this appeal.

Between 2015 and 2018, [Appellant] has filed nine *pro se* lawsuits in Philadelphia County, many of which were against PHA and/or involved the issues identical or related to the present appeal. Each have reached final disposition. For instance, one such case, **Lee v. Petrolichio** (Philadelphia Court of Common Pleas docket number 160800581) involved allegations substantially similar to the instant matter asserted against Petrolichio and Kenis. [Appellant's] Amended Complaint was removed to the Eastern District of Pennsylvania due to a claim under 42 U.S.C. § 1983. On December 29, 2016, the Hon. Legrome Davis entered an order and memorandum granting PHA's Motion to Dismiss, finding [Appellant] did not state a cognizable claim under federal law. The Third Circuit affirmed. Judge Davis' memorandum did not address the pendent state claims.

Trial Court Opinion, 9/4/18, at 1-2.

In response to the trial court's July 3, 2018 order, Appellant filed this timely appeal in Superior Court. Although no party has challenged our jurisdiction, we may decide whether we have jurisdiction *sua sponte*. **See, e.g., M. London, Inc. v. Fedders Corp.**, 452 A.2d 236, 237 (Pa. Super. 1982). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." **Commonwealth v. Seiders**, 11 A.3d 495, 496–97 (Pa. Super. 2010).

Here, Appellant has claimed that Superior Court has jurisdiction pursuant to 42 Pa.C.S.A. § 742. Appellant's Brief at 2. However, Section 742 states that the "Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas **except**" those "**within the exclusive jurisdiction of the . . . Commonwealth Court.**" 42 Pa.C.S.A. § 742 (emphasis added). The Commonwealth Court has exclusive jurisdiction over appeals from final orders of the courts of common pleas, in relevant part:

> (1) Commonwealth civil cases.--All civil actions or proceedings:
>
>> (i) Original jurisdiction of which is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction), except actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court.

42 Pa.C.S.A. § 762(a)(1)(i). The exceptions enumerated in 42 Pa.C.S.A. § 761(a) include actions or proceedings against the Commonwealth government, including any officer thereof, acting in his official capacity, in actions conducted pursuant to Chapter 85 (relating to matters affecting government units). **See** 42 Pa.C.S.A. § 761(a)(1)(iii). The PHA is a Commonwealth agency entitled to the defense of sovereign immunity, unless the claim falls within one of the eight exceptions enumerated in 42 Pa.C.S.A. § 8522. **See Battle v. Philadelphia Housing Authority**, 594 A.2d 769 (Pa. Super. 1991) (holding that Philadelphia Housing Authority is a Commonwealth agency for purposes of sovereign immunity).

In this case, filed as a personal injury matter, Appellees asserted the affirmative defense of sovereign immunity in the trial court and, accordingly, jurisdiction over this matter is properly in Commonwealth court. *See*, *e.g.*, *Flaxman v. Burnett*, 574 A.2d 1061, 1064 n.4 (Pa. Super. 1990) (Commonwealth Court has exclusive appellate jurisdiction of tort claims against Commonwealth agencies). If we were to assert jurisdiction over this appeal via waiver (*see* 42 Pa.C.S.A. § 704), we would "disrupt the legislatively ordained division of labor between the intermediate appellate courts" and risk the "possibility of establishing two conflicting lines of authority[.]" *See Trumbell Corp. v. Boss Construction, Inc.*, 747 A.2d 395, 399 (Pa. Super. 2000).

Here, Appellees filed preliminary objections based upon their affirmative defense of sovereign immunity. The trial court granted the objections and dismissed Appellant's complaint. Accordingly, we conclude that the subject matter of this appeal directly implicates the sovereign immunity of Appellees. Thus, the Commonwealth Court has exclusive jurisdiction. *See Flaxman*, 574 A.2d at 1064; *Trumbell*, 747 A.2d at 399.

Finally, we note that although Appellant erroneously filed this appeal in Superior Court, filing in the wrong appellate court is not fatal to an appeal. Pennsylvania Rule of Appellate Procedure 751 provides for the preservation of a party's appellate rights when a case is transferred to the proper court. In the transferee court, "the appeal . . . shall be treated as

originally filed in transferee court on the date first filed in [this] court."

Pa.R.A.P. 751(a).

Accordingly, this appeal is transferred to the Commonwealth Court of Pennsylvania. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19