J-S63019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VIVIANE GHALEB | : | |
| | : | |
| Appellant | : | No. 1072 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-SA-0000355-2018

BEFORE: GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MURRAY, J.: **FILED DECEMBER 19, 2019**

Viviane Ghaleb (Appellant) appeals *pro se* after the trial court found her guilty of violating Section 435-8(E) of the City of Easton Code, which prohibits occupancy of a structure "condemned and placarded by" a property maintenance officer. **See** Easton Code, § 435-8(E).[1] Because we lack jurisdiction, we are constrained to transfer this appeal to the Commonwealth Court of Pennsylvania.

Although neither party has challenged our jurisdiction, we may determine whether we have jurisdiction *sua sponte*. **See, e.g., M. London, Inc. v. Fedders Corp.**, 452 A.2d 236, 237 (Pa. Super. 1982). "Jurisdiction

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] City of Easton, Article I Property Maintenance, https://www.ecode360.com/31652697.

is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." ***Commonwealth v. Seiders***, 11 A.3d 495, 496–97 (Pa. Super. 2010).

Here, Appellant claims this Court has jurisdiction pursuant to 42 Pa.C.S.A. § 741 (Original Jurisdiction). ***See*** Appellant's Brief at 1 (Statement of Jurisdiction). Appellant is incorrect; this Court does not have original jurisdiction. The provision Appellant cites reads:

> The Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction, and except that it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court.

42 Pa.C.S.A. § 741.

Section 741 is not applicable. To the contrary, 42 Pa.C.S.A. § 762 states:

> **(a) General rule.**--Except as provided in subsection (b), the Commonwealth Court **shall have exclusive jurisdiction** of appeals from final orders of the courts of common pleas in the following cases:
>
> ***
>
>  (4) Local government civil and criminal matters.--

42 Pa.C.S.A. § 762(a)(4) (emphasis added).

Furthermore, Section 742 dictates that the "Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of

- 2 -

common pleas **except**" those "**within the exclusive jurisdiction of the . . . Commonwealth Court**." 42 Pa.C.S.A. § 742 (emphasis added). The Commonwealth Court of Pennsylvania has "exclusive jurisdiction of appeals from final orders of the courts of common pleas . . . where is drawn in question the application, interpretation or enforcement of any . . . statute regulating the affairs of [a] municipality." 42 Pa.C.S.A. § 762(a)(4)(i)(A).

We note that while we could assert jurisdiction pursuant to 42 Pa.C.S.A. § 704 (Waiver of objections to jurisdiction), we decline to do so, because this appeal has not "already been transferred"; transfer could potentially "disrupt the legislatively ordained division of labor between the intermediate appellate courts"; and there exists the "possibility of establishing two conflicting lines of authority." *Trumbell Corp. v. Boss Construction, Inc.*, 747 A.2d 395, 399 (Pa. Super. 2000).

Finally, Appellant will not be prejudiced by transfer. Pennsylvania Rule of Appellate Procedure 751 provides that we "transfer the record to the proper court . . . where the appeal . . . shall be treated as if originally filed in transferee court on the date first filed . . ." Pa.R.A.P. 751(a).

For the above reasons, it is ORDERED that this appeal is transferred to the Commonwealth Court of Pennsylvania.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/19</u>