J-A05035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| OLD FORGE BOROUGH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER STOCKI, JR., INDIVIDUALLY | : | |
| AND NOW TRADING AS SCRAP | : | |
| ENTERPRISES, INC. | : | No. 662 MDA 2021 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered April 22, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2017-06216

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:       **FILED MAY 26, 2022**

This Court should exercise its discretion to retain this appeal and resolve the merits of this lingering dispute occurring over a five-year period that is disrupting the lives of Lackawanna County residents and involves Appellant's utter disregard and disrespect for court orders of the Honorable Thomas Munley.

As the parties did not contest our jurisdiction and perfected an appeal, this Court may exercise discretion to retain jurisdiction. ***Trumbull Corp. v. Boss Const., Inc.***, 747 A.2d 395, 398 (Pa.Super. 2000).

> In making our determination with respect to retention we must balance the interests of the parties and matters of judicial economy against other factors such as: (1) whether the case has already been transferred, ***Karpe v. Borough of Stroudsburg***,

---

[*] Former Justice specially assigned to the Superior Court.

315 Pa.Super. 185, 461 A.2d 859 (1983); (2) whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject. *Newman v. Thorn*, 359 Pa.Super. 274, 518 A.2d 1231 (1986). Moreover, each transfer should be decided on a case-by–case basis. *Id*.

*Trumbull Corp.*,747 A.2d at 399.

The Majority concludes that this appeal properly lies with the Commonwealth Court as it implicates the "application, interpretation or enforcement of [a] statute regulating the affairs of political subdivisions, municipalit[ies] and other local authorities[.]" 42 Pa.C.S.A. § 762(a)(4).

To the contrary, this appeal involves a simple question of whether Appellant was in contempt for failing to abide by a July 30, 2018 order entered upon the agreement of the parties as well as the trial court's subsequent bench order entered on May 9, 2019.

While the stipulated order directed Appellant to comply with the Borough's ordinance prohibiting him from operating a junkyard in a C-2 Zone in its commercial zoning district, the stipulated order also expressly required Appellant to remove non-operational equipment, vehicles, and machinery from the property. The trial court reiterated this mandate in its May 9, 2019 bench order and in multiple status conferences.

Thus, this Court does not have to determine if Appellant had violated a particular zoning ordinance, such is not the issue before us. The issue is whether Appellant was in contempt of the trial court's July 30, 2018 stipulated

order, the terms of which were expressly drafted and agreed upon by the parties, and the subsequent order of May 9, 2019.

The Majority's decision to transfer the appeal to the Commonwealth Court will substantially impede the resolution of a protracted course of litigation. The trial court issued multiple orders and held numerous status conferences to ensure Appellant's compliance with the trial court's directives. Appellant, the Borough, and community residents who live near the property deserve a final resolution, not further delay.

Substantial time has elapsed following the timelines involved in perfecting an appeal, such as briefing schedule, assigning to a panel, oral argument. Months have passed by. This appeal has been fully briefed by the parties, argument court scheduled and concluded. To delay this further by now transferring the appeal to Commonwealth Court is a breakdown in our system of justice.

Moreover, this Court's decision to review the trial court's contempt finding would not have disrupted the legislatively ordained division of labor between the intermediate appellate courts and it would not have produced two conflicting lines of authority on a particular subject. ***Newman***, ***supra***.

Rather, retaining the appeal in this Court would resolve the issue of contempt of Judge Munley's orders in a timely manner and finally provide justice to all involved.

Accordingly, I respectfully dissent.