J-A29028-16

2016 PA Super 286

| | |
|---|---|
| DENNIS J. SMITH; CONSTANCE A. SMITH; SANDRA L. SMITH; JEAN CLAYCOMB; KEVIN SMITH; ELAINE SNIVLEY; JULIE BONNER; AND JAMES SMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| IVY LEE REAL ESTATE, LLC; GEORGE E. KENSINGER; DONA L. KENSINGER; MELVIN SHOENFELT; MICHAEL J. MACOVITCH; PAULA M. DICK; ROGER L. BOWSER; ELAINE K. BOWSER; ERMA MAE SYNDER; TYNE N. PALAZZI; SKY E. POTE; FIRST ENERGY CORP.; BILLIE JEAN EMERT; TRAVIS A. KEAGY; JAMES S. FREDERICK; CONNIE J. FREDERICK; TAMARA J. OGG; AND ALL OTHER PERSONS CLAIMING INTEREST IN THE PROPERTY DESCRIBED IN THIS ACTION | |
| Appellees | No. 538 WDA 2016 |

Appeal from the Order March 18, 2016
In the Court of Common Pleas of Blair County
Civil Division at No(s): 2015 GN 3388

BEFORE:  DUBOW, J., MOULTON, J., and MUSMANNO, J.

OPINION BY MOULTON, J.:                    **FILED DECEMBER 15, 2016**

Dennis J. Smith, Constance A. Smith, Sandra L. Smith, Jean Claycomb,

Kevin Smith, Elaine Snivley, Julie Bonner, and James Smith (together,

"Smiths") appeal from the March 18, 2016 order of the Court of Common

Pleas of Blair County denying their request for injunctive relief.[1] We transfer this case to the Commonwealth Court.

The Smiths and Ivy Lee Real Estate, LLC ("Ivy Lee") own adjacent properties in Taylor Township ("Township"). The properties are separated by a 50-foot, private right-of-way known as June Street. In 2015, Ivy Lee began converting the existing residential structure on its property to a restaurant. The Township does not have a zoning ordinance but does have a subdivision and land development ordinance ("SALDO"). Ivy Lee did not submit a proposed land development plan to the Township. The Township solicitor, however, informed Ivy Lee that the Township would not enforce the SALDO's requirements because Ivy Lee's building conversion was not "land development" under the SALDO.

On October 29, 2015, the Smiths filed an action to quiet title against Ivy Lee and a petition for preliminary injunction. On January 27, 2016, the Smiths filed an amended complaint, asserting claims for adverse possession and declaratory and injunctive relief. Specifically, the Smiths alleged that Ivy Lee's building conversion constituted "land development" under the SALDO and, thus, Ivy Lee violated the SALDO by failing to submit a land development plan to the Township. In support of their authority to bring

---

[1] **See** Pa.R.A.P. 311(a)(4) (permitting interlocutory appeal as of right from order denying injunction).

this claim, the Smiths relied on section 617 of the Pennsylvania Municipalities Planning Code ("MPC"), which provides:

> In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used **in violation of any ordinance enacted under this act or prior enabling laws,** the governing body or, with the approval of the governing body, an officer of the municipality, **or any aggrieved owner or tenant of real property who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, may institute any appropriate action or proceeding** to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation. When any such action is instituted by a landowner or tenant, notice of that action shall be served upon the municipality at least 30 days prior to the time the action is begun by serving a copy of the complaint on the governing body of the municipality. No such action may be maintained until such notice has been given.

53 P.S. § 10617 (emphases added). The Smiths asserted that the plain language of section 617 permits them to bring a private action against Ivy Lee for violating the SALDO. In particular, they argued that the phrase "this act" in section 617 refers to the entire MPC and that the SALDO is an "ordinance enacted under [the MPC]." In response, Ivy Lee asserted that despite the seemingly broad reference to "this act," section 617 creates a private right of action only with respect to zoning ordinances because it is located within the "Zoning" article of the MPC. Because the Township has no zoning ordinance, Ivy Lee contended that section 617 is inapplicable.

- 3 -

Following two evidentiary hearings, the trial court denied the Smiths' request for injunctive relief,[2] concluding that the Smiths cannot bring a private right of action against Ivy Lee to enforce the SALDO under section 617. The trial court explained:

> Section [617 of the MPC] is contained in the subchapter entitled "Zoning," and the Commonwealth Court has almost exclusively applied [section 617] to the area of municipal zoning and planning. Although private citizens, such as [the Smiths], would be able to pursue a private right of action under an applicable municipal ordinance established under the MPC, the Taylor Township SALDO is inapplicable due to the lack of zoning in the Township. Thus, because the Township itself is foreclosed from bringing an action under its SALDO and the Pennsylvania MPC, [the Smiths] are also foreclosed from bringing a private action against Ivy Lee for the land development concerning June Street and the alleyway.

Trial Ct. Op. at 8-9. The Smiths timely appealed to this Court.

On appeal, the Smiths, relying on the plain-language arguments discussed above, contend that the trial court erred in concluding that a private right of action does not exist to enforce alleged violations of a SALDO under section 617. Because we conclude that the Commonwealth Court is better equipped to consider this issue, we transfer the appeal.

Section 762(a)(4)(i)(A) of the Judicial Code provides that the Commonwealth Court has "exclusive jurisdiction" over appeals from the

_____

[2] The trial court deferred ruling on the Smiths' claims for adverse possession and declaratory relief at that time. Those claims are still pending in the trial court.

courts of common pleas in "[a]ll actions or proceedings . . . **where is drawn in question the application, interpretation or enforcement of any . . . statute regulating the affairs of political subdivisions, municipalit[ies] and other local authorities**." 42 Pa.C.S. § 762(a)(4)(i)(A) (emphasis added).[3]  The MPC is a statute "regulating the affairs of political subdivisions, municipalit[ies] and other local authorities." ***Id.***; ***see also Karpe v. Borough of Stroudsburg***, 461 A.2d 859, 860 (Pa.Super. 1983) (stating that subject matter jurisdiction of appeal involving consideration and interpretation of MPC "lies with the Commonwealth Court").  Therefore, the Commonwealth Court has exclusive jurisdiction over the subject matter of this appeal.

We recognize that because the parties have not contested this Court's jurisdiction, "the appeal is perfected and we have discretion to retain jurisdiction." ***Trumbull Corp. v. Boss Constr., Inc.***, 747 A.2d 395, 398-99 (Pa.Super. 2000); ***see*** 42 Pa.C.S. § 704(a).  Nevertheless, this Court may, *sua sponte*, raise the issue of whether an appeal should be transferred to the Commonwealth Court.  ***Karpe***, 461 A.2d at 860.

In determining whether to retain jurisdiction or transfer an appeal, we balance the interests of the parties and matters of judicial economy against

---

[3]  An appellate court with jurisdiction over a final order in a matter also has jurisdiction over an interlocutory order in the same matter.  ***See*** Pa.R.A.P. 701.

other factors, including: (1) whether the case has already been transferred; (2) whether retaining jurisdiction will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject. **Trumbull**, 747 A.2d at 399. We "examine each potential transfer on a case-by-case basis." **Valley Forge Indus., Inc. v. Armand Constr., Inc.**, 374 A.2d 1312, 1316 (Pa.Super. 1977).

The question presented in this appeal is whether section 617 of the MPC permits a private right of action to enforce the terms of a SALDO. This issue appears to be one of first impression, as we have found no Pennsylvania appellate decision addressing it.[4]

After considering the above factors, we conclude that transfer to the Commonwealth Court is appropriate. Although the parties will experience some additional delay and expense, the remaining factors weigh in favor of a transfer. First, this matter has not previously been transferred from the Commonwealth Court. Second, because the Pennsylvania appellate courts have not previously addressed the issue presented in this appeal, this Court would not simply be applying a settled principle of law to the facts. Finally,

---

[4] In support of its claim that section 617 does not permit a private right of action to enforce a SALDO, Ivy Lee cites several Commonwealth Court cases, all of which have applied section 617 to zoning violations. Ivy Lee's Br. at 10; **see** Trial Ct. Op. at 7-8. As the Smiths point out, however, none of those cases hold that section 617 applies only to zoning ordinances.

we believe that the division of labor between this Court and the Commonwealth Court "would be served[,] rather than disrupted[,] if the Commonwealth Court heard all appeals involving" the MPC's interpretation and application. *United Plate Glass Co., Div. of Chromalloy Am. Corp. v. Metal Trims Indus., Inc.*, 505 A.2d 613, 616 (Pa.Super. 1986); *see also Karpe*, 461 A.2d at 861 ("[I]t would benefit both the public and the municipalities and boroughs operating under the [MPC] if substantive decisions on the statute and its application to damages actions resulting from its enforcement[] were made by one court.").

For these reasons, we will defer to the Commonwealth Court's expertise in interpreting the MPC, as the Commonwealth Court has been designated by the legislature as the appropriate forum for such disputes. *See* 42 Pa.C.S. § 762(a)(4)(i)(A); *cf. Lara, Inc. v. Dorney Park Coaster Co.*, 534 A.2d 1062, 1066 (Pa.Super. 1988) (stating that "the interest of avoiding conflicting lines of authority concerning governmental immunity and the expertise of the Commonwealth Court in this difficult area of the law are compelling reasons to transfer the case to the Commonwealth Court").

Case transferred to Commonwealth Court.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/15/2016</u>