J-S05032-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL PENNSYLVANIA STATE POLICE, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| JACK O. EDMUNDSON JR., $18,732.02 US CURRENCY AND ASSORTED ITEMS OF PERSONAL PROPERTY | : : : : | |
| Appellant | : | No. 1100 WDA 2018 |

Appeal from the Order Entered July 10, 2018
in the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-MD-0000698-2015

BEFORE: PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.             FILED APRIL 25, 2019

Jack O. Edmundson, Jr. appeals from the order granting the petition for forfeiture and condemnation filed by the Office of the Pennsylvania Attorney General (OAG) on behalf of the Commonwealth of Pennsylvania. Because this action involves a civil action commenced by the Commonwealth of Pennsylvania, we transfer this appeal to the Commonwealth Court.

In 2014, Edmundson was charged with various crimes for his participation "in an illegal 'brown bag lottery.'"[1] Trial Court Opinion,

---

[1] The trial court described this illegal scheme as follows:

(Footnote Continued Next Page)

---

* Retired Senior Judge assigned to the Superior Court.

9/10/2018, at 2.  Based upon the police's continuing investigation into Edmundson and the role he played in the illegal lottery, the Pennsylvania State Police seized various assets belonging to Edmundson.  Id.  On December 28, 2015, the OAG filed a petition for forfeiture and condemnation.  In response, Edmundson pro se filed a "Petition to Return Property."  See Petition to Return Property, 8/11/2017.[2]  Eventually, three hearings were held, and on July 10, 2018, the trial court entered an order granting the Commonwealth's petition and denying Edmundson's petition.  Edmundson timely filed a notice of appeal to this Court, and raises several issues regarding the forfeiture proceedings and the trial court's findings.

We first consider the propriety of this Court exercising jurisdiction over this appeal, an issue not raised by either party.  This Court has "exclusive

(Footnote Continued) ————————————

> [Lottery] tickets would be printed for fictitious fundraisers and sold to individuals. If a person is holding a winning ticket, they would sign the ticket, write their name and address on the ticket and return it to the person they purchased it from.  That person would then obtain the money and pay the winner.  Usually the winner would pay a part of the proceeds back to the seller of the ticket as a tip.  The winnings would be paid in cash and delivered in a brown bag.

Trial Court Opinion, 9/10/2018, at 3.

[2] Edmundson was represented by counsel when he filed his petition pro se. Generally, such hybrid representation is not allowed, and pro se filings by represented parties are considered legal nullities.  See, e.g., Commonwealth v. Ali, 10 A.3d 282, 293 (Pa. 2010) (holding pro se 1925(b) statement filed by an appellant who was represented by counsel on appeal was a legal nullity).  However, in light of our disposition, we need not address this further.

appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." 42 Pa.C.S. § 742.

> "[A]ppeals from decisions in forfeiture actions fall under the jurisdiction of the Commonwealth Court. See 42 Pa.C.S. § 762 (vesting jurisdiction in the Commonwealth Court in appeals from final orders of the courts of common pleas in civil actions commenced by the Commonwealth government); see also Sugalski v. Cochran, [529 A.2d 1104, 1107 (Pa. Super. 1987)] ("[f]orfeiture proceedings have been held to be civil in rem proceedings, which are quasi criminal in nature"); Commonwealth v. McDermond, [560 A.2d 901, 903 (Pa. Cmwlth. 1989)] (in proceedings for forfeiture, the Commonwealth is the plaintiff; therefore, jurisdiction to consider the forfeiture of gambling proceeds lies with the Commonwealth Court).

Commonwealth v. Smith, 722 A.2d 167, 169 (Pa. Super. 1998). "Although the Commonwealth's right to confiscate property stems from criminal activity, the forfeiture proceeding itself is essentially a civil action, in the nature of an in rem proceeding. As such, th[e Commonwealth Court] has jurisdiction under [] 42 Pa.C.S. § 762." Strand v. Chester Police Dep't, 687 A.2d 872, 873 (Pa. Cmwlth. Ct. 1997).

Accordingly, the Commonwealth Court has exclusive jurisdiction over this appeal. However, Pa.R.A.P. 741(a) "allows this Court to accept jurisdiction of an appeal that belongs in another appellate court when the parties do not object." Gordon v. Philadelphia Cty. Democratic Exec.

- 3 -

Comm., 80 A.3d 464, 474 (Pa. Super. 2013) (retaining jurisdiction over appeal argued before this Court where appellees did not object and issues exclusive to Commonwealth Court were tangential to the decision). "Nevertheless, this Court may, sua sponte, raise the issue of whether an appeal should be transferred to the Commonwealth Court." Smith v. Ivy Lee Real Estate, LLC, 152 A.3d 1062, 1065 (Pa. Super. 2016).

> In determining whether to retain jurisdiction or transfer an appeal, we balance the interests of the parties and matters of judicial economy against other factors, including: (1) whether the case has already been transferred; (2) whether retaining jurisdiction will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject. We examine each potential transfer on a case-by-case basis.

Id. (internal citations and quotation marks omitted).

While the parties' interest in speedy resolution of the appeal weighs in favor of our retaining it, we conclude that that such interest is outweighed in the instant case by the other relevant considerations. The instant case has not been transferred previously. Judicial economy is not much impacted, as this Court has not expended resources in entertaining argument on its merits. Finally, resolution of this appeal requires interpretation and application of law with which the Commonwealth Court has expertise that this Court lacks, and for which a uniform body of case law is important. See Newman v. Thorn, 518 A.2d 1231, 1235 n.3 ("We have not hesitated to transfer cases in deference to our sister court's expertise.").

Accordingly, we transfer this appeal to the Commonwealth Court for disposition on the merits.

Appeal transferred.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2019