J-S38015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CENTRAL PENNSYLVANIA RADIATION ONCOLOGY, P.C., A PENNSYLVANIA CORPORATION | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | |
| | : | No. 306 MDA 2020 |
| THE GOOD SAMARITAN HOSPITAL OF LEBANON, PENNSYLVANIA, A PENNSYLVANIA CORPORATION, WELLSPAN HEALTH, A PENNSYLVANIA CORPORATION, AND ROBERT LONGO, AN ADULT INDIVIDUAL | : : : : : : : : | |

Appeal from the Order Entered January 30, 2020,
In the Court of Common Pleas of Lebanon County,
Civil Division at No(s): 2015-02124.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED SEPTEMBER 04, 2020**

Central Pennsylvania Radiation Oncology, P.C., ("CPRO") appeals from an order granting summary judgment in this lawsuit concerning the corporate affairs of Good Samaritan Hospital; WellSpan Health; and Robert Longo, an executive officer of those two nonprofits. We transfer this case due to our lack of appellate jurisdiction over this subject matter.

Because the appellees have not contested this Court's jurisdiction, "the appeal is perfected, and we have discretion to retain jurisdiction." *Trumbull Corp. v. Boss Constr., Inc.*, 747 A.2d 395, 398–99 (Pa. Super. 2000); *see*

_____

[*] Former Justice specially assigned to the Superior Court.

*also* 42 Pa.C.S.A. § 704(a). However, we "may, *sua sponte*, raise the issue of whether an appeal should be transferred to the Commonwealth Court." ***Smith v. Ivy Lee Real Estate, LLC***, 152 A.3d 1062, 1065 (Pa. Super. 2016).

"[I]n deciding whether this Court has appellate jurisdiction, we must consider all of the potential issues underlying the parties' theories of the case. If any potential substantive issue (or participation of a particular party) invokes the Commonwealth Court's jurisdiction, transfer is appropriate, and we must transfer ***prior to*** reaching the merits of the appeal." ***Mohn v. Bucks County Republican Comm.***, 218 A.3d 927, 934 (2019) (*en banc*) (emphasis in original) ("***Mohn I***"). In ***Mohn I***, this Court transferred an appeal to the Commonwealth Court, because it implicated provisions of the Election Code.

Following transfer, the Commonwealth Court noted an additional basis for its exercise of exclusive subject-matter jurisdiction. It said:

> we have [also] been conferred with appellate jurisdiction pursuant to Section 762(a)(5)(ii) of the Judicial Code, which states that this "Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in all actions or proceedings otherwise involving the corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, directors, officers, or agents thereof." 42 Pa.C.S.A. § 762(a)(5)(ii). ***See also*** Comment to Section 9112 of the Pennsylvania Uniform Unincorporated Nonprofit Association Law (Nonprofit Association Law), 15 Pa. C.S. § 9112 cmt. ("This chapter applies to all nonprofit associations, whether they be classified as religious, public benefit or mutual benefit or whether they are classified as tax exempt. Therefore, the chapter covers unincorporated philanthropic, educational, scientific, social and literary clubs, unions, trade associations, and political organizations, such as political parties").

*Mohn v. Bucks County Republican Comm.*, No. 24 C.D. 2018, 2020 WL 1079247, at *1 n.1 (Pa. Cmwlth. Mar. 6, 2020) (some punctuation omitted) (unpublished decision) ("*Mohn II*"). Because the Bucks County Republican Committee was a nonprofit association, the Commonwealth Court agreed with our decision to transfer that appeal to it.

Here, the Good Shepherd Hospital and WellSpan Health are nonprofits, comprising a Health System in south-central Pennsylvania. *See* Defendants' Second, Amended Answer and New Matter at 1; *see also* WellSpan Health, "Good Samaritan Health System Officially Joins WellSpan Health on July 1," June 30, 2015.[1] Moreover, CPRO has alleged that the Hospital and WellSpan formed a partnership with it and subsequently breached their fiduciary duties. This appeal therefore directly implicates the corporate affairs of those nonprofits' pursuant to Title 15 of the Pennsylvania Consolidated Statutes. In fact, the Health System relies upon Title 15 to argue that no partnership arose. *See* Health System's Brief at 13. Accordingly, the Commonwealth Court has exclusive appellate jurisdiction over the subject matter of this appeal. *See* 42 Pa.C.S.A. § 762(a)(5)(ii).

---

[1] Available at https://www.wellspan.org/news/story/good-samaritan-health-system-officially-joins-wellspan-health-on-july-1/15537 (last visited Aug. 10, 2020).

- 3 -

We therefore order this appeal be TRANSFERRED to the Commonwealth Court of Pennsylvania.

Appeal transferred.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2020