J-S49033-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| KIMBERLY REICK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WEEKDAY MINISTRIES CHILD CARE | : | No. 160 WDA 2020 |
| CENTER | : | |

Appeal from the Order Entered October 19, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-19-005582

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                FILED DECEMBER 29, 2020

Appellant, Kimberly Reick ("Ms. Reick"), appeals from the order entered in the Court of Common Pleas of Allegheny Country, which granted the motion for judgment on the pleadings filed by Weekday Ministries Child Care Center ("Weekday Ministries") and dismissed with prejudice Ms. Reick's complaint. After a careful review, we transfer this appeal to the Pennsylvania Commonwealth Court.

The relevant facts and procedural history are as follows: On April 15, 2019, Ms. Reick filed a complaint against Weekday Ministries.  Therein, she averred Weekday Ministries operates a daycare in a church and receives state

_____

[*] Former Justice specially assigned to the Superior Court.

funds through the Child Care Information Services program, which provides subsidized child care assistance for low-income families.

Ms. Reick indicated that, for six years, she was an assistant group supervisor at Weekday Ministries, and she had an exemplary record with no significant disciplinary or performance issues. As part of her job duties, Ms. Reick worked with Annie Buzon, who was one of the church's lead teachers.

Ms. Reick averred that, on or about October 4, 2018, Ms. Reick and Ms. Buzon had a disagreement wherein Ms. Reick informed Ms. Buzon that she believed Ms. Buzon was permitting too many staff members to go on break at the same time, thus creating an inappropriate ratio of staff members to children. Ms. Reick indicated she raised this issue to Ms. Buzon again on October 5, 2018, at which point Ms. Buzon "began yelling at a level that was so loud that it was scaring children, and [Ms. Reick] believes lead [sic] to emails from parents." Ms. Reick's Complaint, filed 4/15/19, at 3 ¶ 16.

Ms. Reick indicated that, on or about October 15, 2018, she "took issue...with the way that Ms. Buzon was handling a child in her control, noting that Ms. Buzon was inappropriately squeezing and pulling the child in order to direct the child." Id. at ¶ 18. Ms. Reick contended she voiced her concerns to Ms. Buzon, who responded by "squeezing the child's wrist and hand even tighter[.]" Id. at ¶ 19.

Ms. Reick averred she reported her concerns about Ms. Buzon's treatment of the child to Mettelise Ziegler, who is the director of the church's

daycare. Ms. Reick indicated "Ms. Ziegler responded in a way that [Ms. Reick] thought was inappropriate and somewhat dismissive, indicating that she did not see the problem." Id. at ¶ 21. Ms. Reick told Ms. Ziegler that "she felt the restraint and handling of the child that she witnessed was in violation of state laws and regulations regarding the restraint and handling of children." Id. at 4 ¶ 22. Ms. Ziegler told Ms. Reick she would report the issue to the pastor of the church.

Ms. Reick contended that, on or about October 17, 2018, Ms. Ziegler gave her a note indicating she was to meet with the pastor in his office at 2:00 p.m. Ms. Reick averred that, during the meeting, the pastor asked Ms. Reick what personal problem she was having and why she was letting the problem affect her work. Ms. Reick indicated she informed the pastor she had no personal problems but that she had issues with Ms. Buzon's handling of the children, which she believed was in violation of state regulations and standards for the care of children.

Ms. Reick contended that, on October 18, 2018, which was her final day of work at Weekday Ministries, the following transpired:

> 30. On about October 18, 2018, [Ms. Reick] entered work and noticed very few individuals were talking with her.
>
> 31. At one point during the day Ms. Buzon acting directly in front of [Ms. Reick] grabbed the hand of the child that was the subject of [Ms. Reick's] initial complaints and then immediately dropped it looking directly at [Ms. Reick].
>
> 32. At 2:00 p.m. on that same date, [Ms. Reick] was called into another meeting with the [p]astor, and also Ms. Ziegler, and was terminated for "not being able to get over it."

- 3 -

33. [Ms. Reick] indicated back to Ms. Ziegler, you mean not being able to get over the unsafe conduct of Ms. Buzon and the probable violations of state regulations, to which Ms. Ziegler replied yes.

Id. at 4-5 ¶¶ 30-33.

Based on the aforementioned, Ms. Reick averred she was terminated because she properly complained about Ms. Buzon's improper handling of the children. Specifically, in Count 1, she averred her termination constituted retaliation and discrimination in violation of the Pennsylvania Whistleblower Law ("Whistleblower Law"), 43 Pa.C.S.A. §§ 1421-1428. In Count 2, she presented a claim of wrongful termination.[1]

On June 24, 2019, Weekday Ministries filed an answer with new matter. Therein, Weekday Ministries noted that it is a nonprofit religious institution. Specifically, it is a ministry of Mt. Lebanon United Methodist Church. Weekday Ministries averred that, following a meeting with the pastor, Ms. Reick was terminated because she continued to be insubordinate to the pastor and had a hostile attitude toward Ms. Buzon.

Ms. Reick filed a reply to Weekday Ministries' new matter, and on August 5, 2019, Weekday Ministries filed a motion for judgment on the pleadings, as well as a brief in support thereof. Therein, as to Count 1 of the complaint, Weekday Ministries indicated its church permits children, whose tuition is paid

_____

[1] In Count 3, Ms. Reich presented a claim of defamation; however, she subsequently voluntarily withdrew this claim and/or agreed to its dismissal.

- 4 -

in part or in whole by state assistance, to attend the daycare. Weekday Ministries indicated it is undisputed that it is a private nonprofit religious institution. Weekday Ministries averred that, as it relates to the Whistleblower Law, the fact the nonprofit religious institution received public funds for children's tuition did not convert it from a nonprofit "private employer" to a "public body." Additionally, Weekday Ministries averred Ms. Reich's claim is based on a report of "wrongdoing" and not on a report of "waste."[2] Thus, Weekday Ministries argued it was entitled to judgment on the pleadings as to Count 1.

_____

[2] Pennsylvania's Whistleblower Act relevantly provides:
> (a) Persons not to be discharged.--No employer may discharge, threaten or otherwise discriminate or retaliate against an employee...because the employee or a person acting on behalf of the employee makes a good faith report...to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

43 Pa.C.S.A. § 1423 (bold in original).
> "Employer" is defined as follows:
> "Employer." A public body or any of the following which receives money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body:
> > (1) An individual.
> > (2) A partnership.
> > (3) An association.
> > (4) A corporation for profit.
> > (5) A corporation not for profit.

43 Pa.C.S.A. § 1422 (bold in original).

As to Count 2 of the complaint, Weekday Ministries averred Ms. Reich failed to plead a recognized exception to the at-will employment doctrine.

On October 8, 2019, Ms. Reich filed a response, and by order dated October 19, 2019, but filed on October 16, 2019, the trial court granted Weekday Ministries' motion for judgment on the pleadings and dismissed with prejudice Counts 1 and 2 of Ms. Reich's complaint.  This appeal followed.[3]

On appeal, Ms. Reich sets forth the following issues in her "Statement of the Questions Involved" (verbatim):

A. Whether a daycare center for children qualifies as a "public body" for purposes of the Pennsylvania Whistleblower Law because they accept and receive state funds for payment of services for a number of their clients?

B. Whether a person can pursue a wrongful termination claim as an exception to the at will employment doctrine, related to and in addition to the violation of the Pennsylvania Whistleblower Law?

Appellant's Brief at 4 (suggested answers omitted).

_____

[3] On November 18, 2019, Ms. Reich filed a notice of appeal to this Court, and on December 6, 2019, this Court issued a rule to show cause as to why Ms. Reich's appeal should not be quashed as untimely. Ms. Reich responded there was a breakdown in the trial court which caused confusion as it related to the trial court's post-dating of the order. By per curiam order entered on December 30, 2019, this Court dismissed Ms. Reich's appeal without prejudice for her to seek permission in the trial court to appeal nunc pro tunc.  On January 7, 2020, Ms. Reich filed a motion for allowance of appeal nunc pro tunc, and the trial court granted the motion on January 24, 2020.  This appeal followed on January 28, 2020.

Initially, we note Ms. Reich avers this Court has jurisdiction over this appeal under 42 Pa.C.S.A. § 742, and Weekday Ministries does not contend otherwise. Thus, although "the appeal is perfected, and we have discretion to retain jurisdiction," Trumbull Corp. v. Boss Constr., Inc., 747 A.2d 395, 398–99 (Pa.Super. 2000), we "may, sua sponte, raise the issue of whether an appeal should be transferred to the Commonwealth Court." Smith v. Ivy Lee Real Estate, LLC, 152 A.3d 1062, 1065 (Pa.Super. 2016).

By statute, this Court has jurisdiction regarding appeals from final orders of the courts of common pleas, except when jurisdiction is vested in the Supreme Court or the Commonwealth Court. 42 Pa.C.S.A. § 742. The jurisdiction of the Commonwealth Court regarding appeals from final orders of the common pleas courts is limited by statute. 42 Pa.C.S.A. § 762.

Relevant to this appeal, 42 Pa.C.S.A. § 762 provides as follows:

§ 762. Appeals from courts of common pleas

(a) General rule.--Except as provided in subsection (b),[4] the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

\*\*\*

(5) Certain private corporation matters.--

_____

[4] Subsection 762(b) provides:
(b) Exception.--The Commonwealth Court shall not have jurisdiction of such classes of appeals from courts of common pleas as are by section 722 (relating to direct appeals from courts of common pleas) within the exclusive jurisdiction of the Supreme Court.
42 Pa.C.S.A. § 762(b). This Subsection is not applicable to the instant matter.

(i) All actions or proceedings relating to corporations not-for-profit arising under Title 15 (relating to corporations and unincorporated associations) or where is drawn in question the application, interpretation or enforcement of any provision of the Constitution, treaties or laws of the United States, or the Constitution of Pennsylvania or any statute, regulating in any such case the corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, security holders, directors, officers, employees or agents thereof, as such.

(ii) All actions or proceedings otherwise involving the corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, security holders, directors, officers, or employees or agents thereof, as such.

42 Pa.C.S.A. § 762(a)(5) (bold in original) (footnote added).

"[I]n deciding whether this Court has appellate jurisdiction, we must consider all of the potential issues underlying the parties' theories of the case. If any potential substantive issue (or participation of a particular party) invokes the Commonwealth Court's jurisdiction, transfer is appropriate, and we must transfer prior to reaching the merits of the appeal." Mohn v. Bucks County Republican Comm., 218 A.3d 927, 934 (Pa.Super. 2019) (en banc) (emphasis omitted) ("Mohn I"). In Mohn I, this Court transferred an appeal to the Commonwealth Court because it implicated provisions of the Election Code.

Following transfer, the Commonwealth Court noted an additional basis for its exercise of exclusive subject-matter jurisdiction. The Court held:

we have [also] been conferred with appellate jurisdiction pursuant to Section 762(a)(5)(ii) of the Judicial Code, which states that this

"Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in all actions or proceedings otherwise involving the corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, directors, officers, or agents thereof." 42 Pa.C.S.A. § 762(a)(5)(ii). See also Comment to Section 9112 of the Pennsylvania Uniform Unincorporated Nonprofit Association Law (Nonprofit Association Law), 15 Pa.C.S. § 9112 cmt. ("This chapter applies to all nonprofit associations, whether they be classified as religious, public benefit or mutual benefit or whether they are classified as tax exempt. Therefore, the chapter covers unincorporated philanthropic, educational, scientific, social and literary clubs, unions, trade associations, and political organizations, such as political parties").

Mohn v. Bucks County Republican Comm., No. 24 C.D. 2018, 2020 WL 1079247, at *1 n.1 (Pa. Cmwlth. Mar. 6, 2020) (some punctuation omitted) (unpublished decision) ("Mohn II"). Because the Bucks County Republican Committee was a nonprofit association, the Commonwealth Court agreed with our decision to transfer that appeal to it.

In the case sub judice, the defendant/appellee is a daycare ministry of the Mt. Lebanon United Methodist Church, which is a nonprofit religious institution. At issue is the application of Pennsylvania's Whistleblower Law to an employee of the church's daycare, as well as employment decisions made by the pastor of the church.

We, therefore, conclude this appeal implicates the corporate affairs of the nonprofit religious institution and/or the affairs of its employees or agents. 42 Pa.C.S.A. § 762(a)(5). Further, at least one of Ms. Reich's issues draws into question the application, interpretation, or enforcement of a Pennsylvania statute (the Whistleblower Law) as applied to the corporate affairs of the

nonprofit religious institution and its employees. Id. Accordingly, the Commonwealth Court has exclusive appellate jurisdiction over this appeal. See id.

We note this Court has repeatedly held that, pursuant to 42 Pa.C.S.A. § 762(a)(5), jurisdiction over an appeal involving an action involving church affairs properly lies with the Commonwealth Court. See African Union First Colored Methodist Protestant Church v. Shell, 627 A.2d 188, 189 (Pa.Super. 1993); Orthodox Church in America v. Mikilak, 496 A.2d 403 (Pa.Super. 1985). Consequently, we transfer Ms. Reich's appeal to the Commonwealth Court for disposition. See 42 Pa.C.S.A. § 5103(a) ("A matter which is within the exclusive jurisdiction of a court...of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court...of this Commonwealth[.]").

Case transferred to the Commonwealth Court. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2020

- 10 -