J-S09019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VIRGILLIO VIRGO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| COUNTY OF LEHIGH AND JOSEPH N. | : | |
| HANNA, IN HIS OFFICIAL CAPACITY | : | |
| AS SHERIFF OF LEHIGH COUNTY | : | No. 2335 EDA 2021 |

Appeal from the Order Entered October 15, 2021
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s):  CP-39-MD-0001323-2021.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:               **FILED MARCH 8, 2022**

Virgillio Virgo appeals, *pro se*, from the trial court's order affirming the Sheriff of Lehigh County's refusal to issue Mr. Virgo a license to carry a concealed firearm.[1]  We transfer this appeal.

As Sheriff Hanna correctly observes, an "appeal of a license-to-carry issue normally is submitted to the Commonwealth Court for appellate review." Sheriff Hanna's Brief at 1.  Whether this Court has jurisdiction over an appeal

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 6109.  The record reveals that Mr. Virgo correctly headed his Petition for Judicial Review by listing himself as the Petitioner and Lehigh County (and, by implication, Sheriff Hanna) as the Respondents.  **See** 18 Pa.C.S.A. § 6114.  However, he mistakenly filed his appeal in the Office of the Clerk of Courts, rather than in the Office of the Prothonotary.  Instead of transferring Mr. Virgo's petition to the Prothonotary, the Clerk of Courts changed his caption to "Commonwealth of Pennsylvania v. Virgillio Virgo" and listed Mr. Virgo as the Defendant.  We have rectified that administrative error by returning the caption to its proper form.

is a pure question of law, for which "the standard of review . . . is *de novo*, and the scope of review is plenary." ***In re Admin. Order No. 1-MD-2003***, 936 A.2d 1, 5 (Pa. 2007) (case citations and some punctuation omitted). The issue of subject-matter jurisdiction "may be raised at any time . . . including by a reviewing court *sua sponte*." ***Id.*** This includes "whether an appeal should be transferred to the Commonwealth Court." ***Smith v. Ivy Lee Real Estate, LLC***, 152 A.3d 1062, 1065 (Pa. Super. 2016).

This Court only hears certain appeals. Superior Court has "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas . . . **except** such classes of appeals [that are] within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." 42 Pa.C.S.A. § 742 (emphasis added). If an appeal is under the subject-matter jurisdiction of Pennsylvania's other two appellate courts, then this Court lacks jurisdiction.

Here, Mr. Virgo sought judicial review of Sheriff Hanna's administrative decision. Under 42 Pa.C.S.A. § 933(a)(2), he properly filed his appeal in the Court of Common Pleas of Lehigh County.

When the common pleas court denied relief, Mr. Virgo appealed to this Court. However, our legislature has mandated that "the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . all appeals from government agencies . . . decided under Section 933 . . . ." 42 Pa.C.S.A. § 762(a)(4)(ii). This secondary appeal falls under Commonwealth Court's jurisdiction, because Mr. Virgo initially appealed from Sheriff Hanna's administrative decision, pursuant to 42 Pa.C.S.A. § 933.

Simply put, Commonwealth Court has secondary, appellate jurisdiction when a local agency (such as the sheriff) made the original decision. We therefore order that this appeal be TRANSFERRED to the Commonwealth Court of Pennsylvania.[2]

Appeal transferred.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2022

---

[2] **See** 42 Pa.C.S.A. § 705.