J-A05035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| OLD FORGE BOROUGH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER STOCKI, JR., INDIVIDUALLY | : | |
| AND NOW TRADING AS SCRAP | : | |
| ENTERPRISES, INC. | : | No. 662 MDA 2021 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered April 22, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2017-06216

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 26, 2022**

Walter Stocki, Jr. (individually and now trading as Scrap Enterprises, Inc.) (collectively "Appellant") appeals the order of the Court of Common Pleas of Lackawanna County entered on April 21, 2021 in which the trial court found Appellant in civil contempt for failing to abide by a July 30, 2018 order entered upon the agreement of Appellant and the Borough of Old Forge ("the Borough") as well as the trial court's subsequent bench order entered on May 9, 2019.[1]  We transfer the case to the Commonwealth Court.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We acknowledge that since the trial court entered the order appealed in this case on April 22, 2021, the trial court has made additional rulings, including but not limited to its October 28, 2021 order finding Appellant in contempt in a separate issue and a January 19, 2022 order directing Appellant to pay a $20,000 fine.  All of these rulings were forwarded to this Court as supplemental records.  Old Forge Borough has filed an appeal of the January 19, 2022 order to the Commonwealth Court.

Appellant is the owner of real property located at Rear 105 North Keyser Avenue in the Borough of Old Forge, Pennsylvania ("the property"). Appellant Stocki is the owner and operator of both Scrap Enterprises, Inc., and Trion Equipment Sales LLC, which do business on the property that is situated in a C-2 Zone, a highway commercial zoning district in which machinery sales and rentals are permitted.

While the front and sides of the property are adjacent to commercial real estate and undeveloped land, the rear portion of the property borders a residential neighborhood. Community residents brought multiple complaints to Borough officials about the activities being conducted on the property as well as the nuisances resulting from such activities including, but not limited to, the uncleanliness of the property; noise, dirt, and odor coming from the property; oil and chemical fires on the property; chemical spills on the property and public thoroughfares, and the fact that activities would extend beyond normal working hours into the nights and weekends.

On June 2, 2017, Old Forge Borough Zoning Officer Steven Bieryla sent Appellant an enforcement notice indicating the property was in violation of Borough ordinances as the operation of a junkyard is prohibited in the C-2 district. Notes of Testimony (N.T.), 7/30/18, at 16 (Exhibit 1). The enforcement letter notified Appellant that he had thirty days to file an appeal with the local zoning board, which Appellant did not do.

On August 11, 2017, the Borough filed a civil enforcement action against Appellant for the violation before a magisterial district judge. After a hearing

on November 16, 2017, at which Appellant did not appear but was represented by counsel, the magisterial judge entered judgment in favor of the Borough. On November 27, 2017, Appellant appealed to the Court of Common Pleas.

On February 22, 2018, the Borough filed a complaint in the trial court, seeking injunctive relief to restrain Appellant from operating a junkyard in violation of Borough ordinances, as well as fines for the appealed violations, and any other remedy that the trial court deemed just.

On March 28, 2018, Appellant filed an answer on March 28, 2018, in which he raised numerous defenses including, *inter alia*, a claim that he had attempted to file an appeal of the original enforcement letter but was unable to do so. He claimed the zoning officer was not present in his office in the days immediately prior to the expiration of the appeal period.

On May 1, 2018, the Borough filed a petition for a preliminary injunction pursuant to Pa.R.C.P. 1531(b), alleging that Appellant had continued to operate a junkyard on the property in violation of Borough ordinances.

After a hearing was held on July 30, 2018, on the Borough's complaint and petition for injunctive relief, the parties jointly drafted a proposed stipulated order, which the trial court adopted and entered on July 31, 2018. The Order directed Appellant to, *inter alia*, "immediately cease any and all activity on the property … in violation of the Old Forge Borough Zoning Ordinance including the operation of a junkyard business and activities related or ancillary thereto with the exception of activities to carry out compliance with this Order." Order, 7/31/18, at 1.

- 3 -

More specifically, the order gave Appellant "six (6) months f[ro]m the date of this order to remove non[-]operational equipment, vehicles, and machinery from the property which is the subject matter of this appeal and bring the use and activities of the property in compliance with the Old Forge Borough Zoning Ordinance." *Id*. The order set up a schedule of "Status Conferences" to monitor Appellant's progress and indicated that "the completion of the hearings in this matter and judg[]ment on the fines and costs shall be held in abeyance provided that [Appellant] is complying with this order." *Id*. at 1-2.

The trial court granted Appellant multiple continuances and extensions of time to clean up the property to comply with the July 30, 2018 stipulated order. Many months later, on May 2, 2019, the trial court judge, the Honorable Thomas Munley, conducted an in-person site visit and walk-through of the property to assess whether Appellant had complied with the stipulated order.

Thereafter, during a May 9, 2019 hearing, Judge Munley indicated he was "shocked" by what he saw at the site visit, including the non-operational equipment and material he characterized as junk that remained on the property. *Id*. at 3-4. On the record, Judge Munley issued a bench order directing Appellant to cease regular business operations to focus his resources to comply with the court's July 31, 2018 order. Judge Munley gave Appellant 100 additional days to remove non-operational equipment from the property and to post a $20,000 bond. N.T., 5/9/19, at 12.

On August 14, 2019, the Borough filed a petition for contempt of court claiming that Appellant continued to violate the trial court's orders of July 31, 2018 and May 9, 2019. On August 26, 2019, Appellant filed a motion for recusal, based on his allegations that during the May 2, 2019 site visit, Judge Munley had engaged in *ex parte* communications with community residents outside Appellant's presence. After a hearing was held on September 19, 2019, Judge Munley denied Appellant's motion for recusal.

Thereafter, the trial court held three hearings to receive evidence from both parties on December 18, 2019, March 2, 2020, and July 10, 2020. On April 22, 2021, the court entered an order and opinion finding Appellant committed material violations of its July 31, 2018 and May 9, 2019 orders. The trial court entered the following findings of fact:

1. [Appellant] has not ceased any and all activity on the property that is violative of the Borough Zoning Ordinance, including the operation of a junkyard business and activities thereto, in violation of paragraph 1 of the July 31, 2018 Order.

2. [Appellant] has not removed non-operational equipment, vehicles and machinery from the property, in violation of paragraph 3 of the July 31, 2018 Order.

3. [Appellant] has failed to do the following in violation of the Court's May 9, 2019 bench Order: keep reasonably clean the property and public thoroughfares with ingress and egress to the property; contain the spill of fuel, oil, and other chemicals; cease cutting and torching on the property; cease to cause fires on the property; contained and significantly mitigated noise, odor and debris emanating from the property; operate within normal daily business hours and limited weekend business hours; attained all the relevant, necessary, and requisite permits; and post a $20,000.00 bond.

4. [Appellant] has persisted in bringing on to the property non-operational equipment, vehicles and machinery in violation of paragraph 1, 2, and 3 of the July 31, 2018 Order, and the May 9, 2019 bench order.

5. [Appellant] has engaged in business activity of the type prohibited by paragraph 1 of the July 31, 2018 Order.

6. Violations are a frequent, daily occurrence and are not isolated events.

7. Violations are a nuisance to the community residents.

Order and Opinion (T.C.O.), 4/22/21, at 3.

In light of these findings, the trial court found Appellant in contempt for violating its prior orders. The trial court permanently restrained Appellant from using the property for the "operation of a junkyard business and activities thereto in violation of Borough Zoning Ordinances including the sale and storage of non-operational equipment, vehicles, machinery, scrap and parts." *Id*. at 5.

More specifically, the trial court held that Appellant was required to remove all non-operational equipment, vehicles, and machinery from the property by June 15, 2021. The trial court's order states that Appellant "shall forever cease the import onto the subject property of non-operational equipment, vehicles, and machinery, or equipment, vehicles and machinery that are not immediately and readily made wholly operational." *Id*. at 6. The trial court also prohibited Appellant from importing equipment, vehicles and machinery of any kind onto the subject property for the purposes of dismantling and/or salvaging its parts." *Id*.

The trial court also directed Appellant to post the court-ordered $20,000 bond, pay attorney's fees and costs, attain all the relevant and necessary permits to operate a lawful business pursuant to the borough ordinances, immediately comply with borough ordinances, and to take all reasonable steps to substantially mitigate all noise, odors, and debris emanating from the property onto neighboring properties. *Id*.

On April 22, 2021, Appellant filed a motion for reconsideration in which he argued, *inter alia*, that the trial court's contempt order was not supported by substantial evidence. On May 20, 2021, the trial court entered an order denying Appellant's motion for reconsideration.

Appellant filed this timely appeal, in which he presents the following issues for our review:

1. Whether the [trial] court erred in failing to recuse itself after the court engaged in discussions with representatives of the Borough, neighbors and residents whose interests in the case [are] adverse to Appellant during a site visit of Appellant's property on May 2, 2019, and following the site visit, continued to engage with Borough officials, neighbors, and residents on a tour of the adjoining residential neighborhood when neither Appellant nor [his] counsel were present and without any of the dialogue being made part of the record?

2. Whether the April 22, 2021 Contempt Order is contrary to the weight of the substantial evidence and is contrary to the law?

3. Whether the court committed an error of law by granting injunctive relief against Appellant when the proceedings at issue related to the Borough's Petition for Contempt?

4. Whether the court erred in denying Appellant the opportunity to present evidence of selective enforcement?

Appellant's Brief, at 5.

As an initial matter, we note that the parties have asserted that this Court has jurisdiction over this appeal under 42 Pa.C.S.A. § 742. However, although "the appeal is perfected, and we have discretion to retain jurisdiction," **Trumbull Corp. v. Boss Constr., Inc.**, 747 A.2d 395, 398–99 (Pa. Super. 2000), we "may, *sua sponte*, raise the issue of whether an appeal should be transferred to the Commonwealth Court." **Smith v. Ivy Lee Real Estate, LLC**, 152 A.3d 1062, 1065 (Pa. Super. 2016).

By statute, this Court has jurisdiction regarding appeals from final orders of the courts of common pleas, except when jurisdiction is vested in the Supreme Court or the Commonwealth Court. 42 Pa.C.S.A. § 742. The jurisdiction of the Commonwealth Court regarding appeals from final orders of the common pleas courts is limited by statute. 42 Pa.C.S.A. § 762.

Relevant to this appeal, 42 Pa.C.S.A. § 762 provides as follows:

**§ 762. Appeals from courts of common pleas**

**(a) General rule.**--Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

***

(4) Local government civil and criminal matters.--

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities[.] …

42 Pa.C.S.A. § 762(a)(4) (bold in original) (footnote added).

"[I]n deciding whether this Court has appellate jurisdiction, we must consider all of the potential issues underlying the parties' theories of the case. If any potential substantive issue (or participation of a particular party) invokes the Commonwealth Court's jurisdiction, transfer is appropriate, and we must transfer prior to reaching the merits of the appeal." **Mohn v. Bucks County Republican Comm.**, 218 A.3d 927, 934 (Pa.Super. 2019) (*en banc*).

In the case *sub judice*, the Appellee is the borough of Old Forge. The crux of Appellant's appeal involves the trial court's finding him in contempt of its prior orders regarding zoning violations. Appellant asserts that the property is no longer in violation of the Borough's zoning ordinance that prohibits the property from being used as a junkyard. This appeal clearly implicates the "application, interpretation or enforcement of [a] statute regulating the affairs of political subdivisions, municipalit[ies] and other local authorities[.]" 42 Pa.C.S.A. § 762(a)(4). Pursuant to our statutory scheme, the subject matter of this case falls within the exclusive jurisdiction of the Commonwealth Court. **Mohn**, **supra**.

Consequently, we transfer this appeal to the Commonwealth Court for disposition. **See** 42 Pa.C.S.A. § 5103(a) ("A matter which is within the exclusive jurisdiction of a court…of this Commonwealth but which is

commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court…of this Commonwealth[.]").

Case transferred to the Commonwealth Court. Superior Court jurisdiction relinquished.

Judge Olson joins the Memorandum.

Judge Stevens files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2022