J-A07018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CORY YEDLOSKY AND CHRIS TAYLOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE CORRECTIONS OFFICERS ASSOCIATION, LOCAL SCI-HUNTINGDON, BRYAN PERONI, AND PENNSYLVANIA STATE CORRECTIONS OFFICERS ASSOCIATION | : | No. 1074 MDA 2023 |

Appeal from the Order Entered June 27, 2023
In the Court of Common Pleas of Huntingdon County
Civil Division at No(s): 2019-12791

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: APRIL 4, 2024**

Cory Yedlosky and Chris Taylor (collectively, "Appellants") appeal from the order granting summary judgment in favor of the Pennsylvania State Corrections Officers Association, Local SCI-Huntingdon ("Local"), Bryan Peroni ("Peroni"), and the Pennsylvania State Corrections Officers Association ("Association").[1]  We transfer this matter to the Commonwealth Court.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The court stated that "as all charges against all defendants have been resolved via summary judgment, this matter is closed."  Order, 6/27/23, at 1. We note Appellants originally named Appellees and two individual defendants, Peroni and Douglas Clark ("Clark"), Local's former secretary.  With respect to

*(Footnote Continued Next Page)*

Association is a public employees' union registered as a non-profit. Local is Association's chapter for corrections officers at SCI-Huntingdon. Peroni was Local's treasurer until 2018. Appellants were corrections officers at SCI-Huntingdon and members of Local. Appellants became suspicious that Local's officials were misusing funds. An internal audit and a later criminal investigation confirmed their suspicions. Peroni has been charged and convicted of theft for misappropriating funds from Local, and the criminal investigation appears to be ongoing.

---

Appellants' prior complaints, the trial court previously struck Appellants' claims of a duty of fair representation against Appellees and unjust enrichment against individual defendants. **See** Order, 5/12/20, at 1. Appellants later discontinued their claims against Clark individually. **See** Order, 1/25/21, at 1.

We also note that the fourth amended complaint named as a plaintiff a third individual, William Weyandt ("Weyandt"). It appears that Weyandt died during the litigation of this matter. **See** Notice of Death, 11/10/21. Appellants filed a praecipe to withdraw Weyandt and remove him as a plaintiff. **See** Praecipe, 11/3/22.

Lastly, Appellants' Rule 1925(b) statement alleged errors with respect to Association and Local only. **See** Rule 1925(b) Statement, 8/18/23, unnumbered at 1-2. Furthermore, Appellants filed in this Court a notice of no interest in which they claimed Peroni does not have an interest in this appeal. Peroni has not responded or filed a brief.

Based on the foregoing, we conclude that the June 27, 2023 order granting summary judgment is a final order. **See** Pa.R.A.P. 341(b)(1) (stating that a final order is one that disposes of all claims and of all parties). However, the issues raised in this appeal involve only Appellants claims against Association and Local.

In 2019, Appellants commenced the underlying action by writ of summons. In their fourth amended complaint, Appellants referenced the constitutions, by-laws, and policies ("the governing documents") of Association and Local (hereinafter, "Appellees"), and in Counts I and II, Appellants claimed Appellees' governing documents created express and implied contracts with union members. **See** Fourth Amended Complaint, 2/16/21, at 13-15; **see also** Exhibits A to C attached to the Fourth Amended Complaint. Specifically, Appellants asserted that Appellees breached their contractual and fiduciary duties by allowing the improper uses of Appellees' funds for personal and/or non-business purposes and by failing to comply with their governing documents. **See id**. at 13-15. Appellants asserted harms based on their reliance on promises and benefits they expected from Appellees, including proper oversight of funds. **See id**. at 14-15. Appellants demanded, *inter alia*, a return of their dues. **See id**.

The parties filed cross-motions for summary judgment. On June 27, 2023, the trial court granted summary judgment in favor of Appellees and against Appellants on all claims. **See** Order, 6/27/23. The court assumed, without deciding, that the governing documents stated the terms of a contract between Appellees and Appellants. **See id**. at 3-4. The court similarly assumed, but did not decide, that Appellees breached the governing agreements. **See id**. at 4. Nevertheless, the court determined that Appellants failed to establish damages. **See id**. at 4-6, 10-11. Appellants timely appealed, and they and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following question for our review:

Whether the standard for evaluation of contractual damages, rather than the foreseeability doctrine for tort damages, applies where the existence of a contract and instances of breach are undisputed.

Appellants' Brief at 2.

Before addressing the merits of Appellants' issue, we consider whether we should transfer this matter to the Commonwealth Court. *See Mohn v. Bucks County Republican Committee*, 218 A.3d 927, 930 (Pa. Super. 2019) (*en banc*); *Smith v. Ivy Lee Real Estate, LLC*, 152 A.3d 1062, 1065 (Pa. Super. 2016). We recognize that Appellants have perfected this appeal, and the parties have not contested this Court's jurisdiction. However, this Court may, *sua sponte*, raise the issue of whether an appeal should be transferred to the Commonwealth Court. *See Smith*, 152 A.3d at 1065 (Pa. Super. 2016).

Our decision to retain jurisdiction or transfer an appeal balances the interests of judicial economy with other factors, including: "(1) whether the case has already been transferred; (2) whether retaining jurisdiction will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject." *Smith*, 152 A.3d at 1065 (internal citation omitted). "We examine each potential transfer on a case-by-case basis." *Id*. (internal citation and quotations omitted). Moreover, *Mohn* instructs that "[i]f any potential substantive issue (or participation of a

particular party) invokes the Commonwealth Court's jurisdiction, transfer is appropriate . . .." **Mohn** 218 A.3d at 934.

Title 15 of the Pennsylvania Consolidated Statutes governs the affairs of corporations. This includes "corporations not-for-profit," which section 102 defines as "[a] domestic or foreign corporation not incorporated for a purpose or purposes involving pecuniary profit, incidental or otherwise, whether or not it is a cooperative corporation." 15 Pa.C.S.A. § 102. Although it appears that neither Association nor Local are incorporated under Pennsylvania law, they also appear to be organized and registered as nonprofit entities.[2] Therefore, Appellees' internal affairs are governed by Title 15, Chapter 91, known as Pennsylvania Uniform Unincorporated Nonprofit Association Act (the "Act"). **See** 15 Pa.C.S.A. § 9112, Comment (noting that the Act applies to "all nonprofit associations, whether they be classified as religious, public benefit or mutual benefit or whether they are classified as tax-exempt," which includes unincorporated unions).

Section 762(a)(5) provides that the Commonwealth Court has exclusive jurisdiction from final orders of the courts of common pleas in:

> (i) All actions or proceedings relating to corporations not-for-profit arising under Title 15 (relating to corporations and unincorporated associations) or where is drawn in question the application, interpretation or enforcement of any provision of the Constitution, treaties or laws of the United States, or the Constitution of Pennsylvania or any statute, regulating in any such case the corporate affairs of any corporation not-for-profit subject to Title

---

[2] Appellees' counsel conceded as much at oral arguments.

15 or the affairs of the members, security holders, directors, officers, employees or agents thereof, as such.

(ii) All actions or proceedings otherwise involving the corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, security holders, directors, officers, or employees or agents thereof, as such.

42 Pa.C.S.A. § 762(a)(5) (emphasis added). Although section 762(a)(5) uses the term "corporation not-for-profit," the Commonwealth Court has recognized that section 762(a)(5) provides it with jurisdiction over appeals involving the affairs of unincorporated nonprofit associations as well.[3]

_____

[3] Following this Court's transfer of **Mohn** to the Commonwealth Court, the Commonwealth Court noted:

> [W]e have been conferred with appellate jurisdiction pursuant to [s]ection 762(a)(5)(ii) of the Judicial Code, which states that this "Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in all actions or proceedings otherwise involving the corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, directors, officers, or agents thereof." **See also** Comment to Section 9112 of the Pennsylvania Uniform Unincorporated Nonprofit Association Law (Nonprofit Association Law), 15 Pa.C.S. § 9112 cmt. ("This chapter applies to all nonprofit associations, whether they be classified as religious, public benefit or mutual benefit or whether they are classified as tax exempt. Therefore, the chapter covers unincorporated philanthropic, educational, scientific, social and literary clubs, unions, trade associations, and political organizations, such as political parties").

**Mohn v. Bucks County Republican Comm.**, No. 24 C.D. 2018, 2020 WL 1079247, at *1 n.1 (Pa. Cmwlth. 2020) (unreported opinion) **see also** Pa.R.A.P. 126(b) (unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008 may be cited for their persuasive value). Because the appellee in **Mohn**, the Bucks County Republican Committee, was a nonprofit association, the Commonwealth Court agreed with our decision to
*(Footnote Continued Next Page)*

Here, Appellants have couched their claims against Appellee in terms of a contract action. **See** Fourth Amended Complaint, 2/16/21, at 13-15. However, it is apparent their claims implicate how Appellees managed their affairs pursuant to their own governing documents. **See id**. Such affairs are specifically governed by the Act. **Cf.** 15 Pa.C.S.A. § 9129 (discussing duties and actions by managers). Therefore, we conclude that this appeal falls within the Commonwealth Court's jurisdiction and, pursuant to section 762(a)(5), falls within the jurisdiction of the Commonwealth Court. **See Mohn**, 218 A.3d 934.

Aside from judicial economy concerns, we discern no reason to retain jurisdiction over this appeal. The appeal concerns the internal affairs of a nonprofit, an issue over which the Commonwealth Court has greater experience than this Court. There could be a potential for creating conflicting lines of authority given the Commonwealth Court's expertise in the affairs of a nonprofit and this Court's resolution of Appellants' ostensible contractual claims based on the governing documents. Therefore, we conclude this appeal involves matters best resolved by the Commonwealth Court. **See Mohn**, 218 A.3d at 930; **Smith**, 152 A.3d at 1065.

Appeal transferred to the Commonwealth Court.

_____

transfer that appeal to it. **Cf. Reick v. Weekday Ministries Child Care Ctr.**, 245 A.3d 1104, 2020 WL 7706757, at *3-5 (Pa. Super. 2020) (unpublished memorandum); **see also** Pa.R.A.P. 126(b) (unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/04/2024